**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,

Plaintiff,

v.

XAVIER BECERRA, *et al.*,

Defendants.

No. 21-cv-2826 (DLF)

**JOINT MOTION TO STAY PROCEEDINGS**

The parties jointly request that this Court stay further proceedings in this matter while the Government determines whether to file an appeal in the cases of *Novartis Pharmaceuticals Corp. v. Espinosa*, No. 1:21-cv-1479 (D.D.C.), and *United Therapeutics Corp. v. Espinosa*, No. 1:21-cv-1686 (D.D.C.), and, if an appeal is taken, pending the D.C. Circuit's ultimate decision on the merits.

Plaintiff filed this action under the Administrative Procedure Act ("APA") on October 25, 2021, challenging the Health Resources and Services Administration's ("HRSA") determination that Plaintiff's contract-pharmacy policy violated its statutory obligations under the 340B Program. 42 U.S.C. § 256b. *See generally* Compl. for Decl. & Inj. Relief, ECF No. 1. Plaintiff alleges that HRSA's violation determination—which was set forth in an October 4, 2021 letter—was unlawful for a number of reasons. *See id.* ¶¶ 128–67. Plaintiff requests, *inter alia*, that the Court set aside the October 4, 2021 letter and declare that Plaintiff's contract-pharmacy policy complies with § 256b. *See id.* at 47.

On November 5, 2021, this Court issued a joint memorandum and order in *Novartis* and *United Therapeutics*. There, the Court vacated 340B violation letters issued by HRSA to two drug manufacturers and declared "that the plaintiffs' policies do not violate Section 340B under the positions advanced in the Violation Letters and developed in this litigation. The plain language, purpose, and structure of the statute do not prohibit the manufacturers from imposing *any* conditions

on their offers of 340B-priced drugs to covered entities." *See Novartis Pharmaceuticals Corp. v. Espinosa*, No. 1:21-cv-1479 (D.D.C.), ECF No. 32 at 20–21.

The Government is currently evaluating whether to appeal this Court's order in *Novartis* and *United Therapeutics*. Under the United States Department of Justice's regulations, any appeal taken by the Government must be authorized by the Solicitor General. *See* 28 C.F.R. § 0.20(b). The deadline to file a notice of appeal is January 4, 2022. *See* Fed. R. App. P. 4(a)(1)(B).

The parties have met and conferred regarding the impact of this Court's decision in *Novartis* and *United Therapeutics* on this litigation. As a result of those discussions, the parties agree and respectfully suggest that a stay of proceedings pending any appeal in *Novartis* and *United Therapeutics* will both promote judicial economy and preserve the parties' resources. *See Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 171–73 (D.D.C. 2011) ("The power to stay proceedings is inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (alteration adopted and citation omitted)). Plaintiff's claims implicate the same general statutory issue addressed by this Court in *Novartis* and *United Therapeutics*. A decision by the D.C. Circuit on the merits of that issue would likely thus provide significant aid in the resolution of this case, and potentially a dispositive rule of decision. *See, e.g.*, *Game Plan, Inc. v. ESPN, Inc.*, No. 20-cv-455 (DLF), 2020 WL 5995123 (D.D.C. Oct. 9, 2020) (finding that "a stay is proper in this case" because, *inter alia*, a separate proceeding "involve[d] identical issues" and a decision in those proceedings would "significantly aid in the resolution of this case"); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (finding "good cause to stay this matter" given that "the parties agree that the resolution of [a related case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here"). As several other judges in this Court have found, "litigating essentially the same issues in two separate forums is not in the interest of judicial economy," particularly when "it is clear that the outcome of the other proceedings may affect this Court's determinations." *RREEF Infrastructure (G.P.) Ltd. v. Kingdom of Spain*, No. 1:19-cv-03783 (CJN), 2021 WL 1226714, at *3 (Mar. 31, 2021) (alterations adopted and citations omitted)).

Accordingly, the parties jointly request that the Court stay further proceedings until the Government determines whether to file an appeal in *Novartis* and *United Therapeutics* and, if an appeal is taken, pending the D.C. Circuit's ultimate decision on the merits. If the Court issues the proposed stay, each party reserves the right to ask that the Court lift the stay if the party believes that changed circumstances justify such a request. Each party also reserves the right to oppose any such request.[1]

Dated: December 9, 2021

Respectfully submitted,

*/s/ Beth S. Brinkmann*
Beth S. Brinkmann
D.C. Bar #477771
Shankar Duraiswamy
D.C. Bar #501702
Michael X. Imbroscio
D.C. Bar #445474
Thomas Brugato
D.C. Bar #1013523
Laura Dolbow
D.C. Bar #1658797

COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000
bbrinkmann@cov.com
sduraiswamy@cov.com
mimbroscio@cov.com
tbrugato@cov.com
ldolbow@cov.com

BRIAN D. NETTER
Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869

[1] Defendants have agreed to provide Plaintiff with the administrative record, notwithstanding any stay of the proceedings.

KATE TALMOR
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*